IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. VARNEY,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>          Defendants. | Case No.: C11-4193 TEH (JSC)<br><br>**ORDER RE: DEFENDANTS' MOTION FOR SANCTIONS (Dkt. No. 43)** |

Plaintiff Steven Varney alleges that Defendants, the California Highway Patrol ("CHP") and certain CHP officers, violated his civil rights in connection with his arrest on June 12, 2010 and events thereafter. Now pending before the Court is Defendants' Motion for Sanctions for Failure to Produce Medical Records (Dkt. No. 43). Having considered the parties' filings and having had the benefit of oral argument on May 23, 2013, the Court GRANTS Defendants' motion.

## BACKGROUND

Plaintiff filed this action in August 2011 alleging that his civil rights were violated when he was arrested for driving under the influence following an incident where the vehicle he was operating struck a bicyclist; Plaintiff was never prosecuted and his driver's license

was returned to him shortly thereafter. (Dkt. No. 1 ¶¶ 17-32.) In his Complaint, he alleges that

> [a]s a U.S. veteran, due to severe problems with his health, including his knees, Mr. Varney was under the medical care of the Veterans Administration in San Francisco at the time of his wrongful arrest on June 12, 2010. His primary health care provider was Kristen Weaver at the VA Hospital in San Francisco. When asked, Mr. Varney informed defendants on June 12, 2010 that he was under the care of health care providers at the VA, was taking prescription medicines but was unsure of the name of each medication he was taking although he knew what they were for, and that his last dosage was the previous day. He stated that he felt no impairing effects on June 12, 2010 as a result of taking his medication.

(Dkt. No. 1 ¶ 16.) Because this allegation put Plaintiff's medical condition at issue, Defendants requested that Plaintiff execute a release pursuant to the Health Insurance and Portability Accountability Act of 1996 which would allow them to obtain his medical records. Plaintiff declined to do so, but the parties agreed in June of 2012 that the records would be produced through Plaintiff's counsel. (Dkt. No. 43-2, Ex. C.)

Despite repeated requests, Plaintiff's counsel failed to produce the records, and on October 15, 2012, the Honorable Thelton Henderson ordered that Plaintiff "shall provide to Defendant the medical records and documents from California Department of Motor Vehicles, as described in the case management statement, no later than Monday October 29, 2012." (Dkt. No. 36.) On October 29, Plaintiff's counsel produced 20 pages of documents which did not include any medical records and instead included three letters from the nurse practitioner who had treated Plaintiff as well as several Department of Motor Vehicle documents. (Dkt. No. 43-3, Ex. G.) Thereafter, Defendants' counsel periodically followed up with Plaintiff's counsel regarding the status of the medical records. (Dkt. No. 43-1 ¶ 11.) In March 2013, Defendants' counsel informed Plaintiff's counsel that Defendants were considering filing a sanctions motion based on non-production of the records. (Dkt. No. 43-3, Ex. H) Plaintiff's counsel committed to produce the documents by April 5, but he failed to do so. (*Id*.) On April 8, Defendants gave Plaintiff one final opportunity to comply, but he again failed to do so and the underlying motions for sanctions was filed on April 12. (*Id*.)

2

Plaintiff's counsel failed to timely respond to the Motion for Sanctions; instead, the day before the hearing on this matter—and 40 days after Defendants filed the motion—Plaintiff filed a response to the motion supported by a declaration of counsel, Frank Z. Leidman. According to counsel's declaration, he obtained Plaintiff's medical records in November 2012, but Plaintiff "did not wish to review the records." (Dkt. No. 45-1 ¶ 3.) Counsel attests that he emailed the medical records as email attachments to Defendants' counsel on April 9, 2013, but that he "do[es] not understand why the April 9th emails to Deputy AG Low [sic] with the medical records attached were not successful." (*Id.* at ¶ 5.) At oral argument, Plaintiff's counsel conceded that he received notice that the emails had bounced back, but that he did not understand what that meant and he did not receive the notice till "substantially later." Counsel further attests that a DVD of the medical records was messengered to Defendants on May 10, 2013. (*Id.* at ¶ 6.)

## DISCUSSION

Defendants seek sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2), 28 U.S.C. § 1927, and the Court's authority for Plaintiff's failure to comply with Judge Henderson's October 15, 2012 Order to produce Plaintiff's medical records. As sanctions, Defendants request that (1) Plaintiff be ordered to produce his medical records by May 24, 2013; (2) monetary sanctions of $2,805.00 be imposed for Defendants' reasonable expenses preparing the motion for sanctions; and (3) the fact discovery deadline for Defendants be extended until July 25, 2013.

Rule 37(b)(2) provides for a range of sanctions based on a party's failure to comply with a court order including striking the pleadings in whole or in part, claim or issue preclusion, dismissal, and entry of default judgment. Further, under Rule 37(b)(2)(C) "unless the failure was substantially justified or other circumstances make an award of expenses unjust," the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

3

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A court also has the inherent authority to sanction certain conduct by a party or attorney. *See Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991). Different standards apply to each of these bases for sanctions. While an imposition of sanctions under Rule 37 does not require willfulness, fault, or bad faith if the sanction is less than dismissal, recklessness is required to support a finding under Section 1927 and bad faith is required to impose sanctions pursuant to the court's inherent power. *Compare Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) *with Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010) (internal citations omitted).

The Court here imposes sanctions pursuant to Rule 37(b)(2). It is undisputed that Plaintiff failed to comply with Judge Henderson's Order for nearly seven months and only did so after Defendants filed the underlying motion for sanctions. Plaintiff does not contend that he was unaware of Judge Henderson's Order; instead, counsel's declaration states that Mr. Varney "did not wish to review the records." (Dkt. No. 45-1 ¶ 3.) Although counsel attests that he attempted to email the medical records to Defendants on April 9, 2013 and that he was not aware that the emails had not gone through, he does not indicate why, at a minimum, he did not contact Defendants' counsel when he received notice of the filing of their motion for sanctions based on non-receipt of the medical records. Nor does he indicate why it took him until May 10 to actually serve Defendants with the medical records or why it took another 12 days to file anything with the Court relating to the sanctions motion.

Defendants have been exceedingly accommodating in this case with providing extra time for Plaintiff to provide his medical records. As this discovery is undisputedly relevant to the claims raised by Plaintiff's suit, Defendants' request to extend the fact discovery deadline to conduct discovery regarding the documents (which they only just received through no fault of their own) is entirely reasonable. Defendants' request for monetary sanctions for their reasonable time and expenses bringing this motion is similarly reasonable. Plaintiff's wholly untimely production of the medical records does not ameliorate the need for sanctions because "[b]elated compliance with discovery orders does not preclude the

imposition of sanctions" as the "[l]ast-minute tender of documents does not cure the prejudice to opponents." *North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) (internal citations omitted).  Thus, the only remaining question is whether the monetary sanctions should be imposed jointly and severally on Plaintiff and his counsel.

Rule 37(b)(2)(C) authorizes the court to require an attorney "to pay the reasonable expenses, including attorneys' fees, caused by the failure" to comply with the court's order, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  The burden of showing substantial justification and special circumstances is on the party being sanctioned.  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).  "We have not required a finding of bad faith on the part of the attorney before imposing sanctions under Rule 37," although "good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust."  *Id*.  A court should consider the deterrence effect of the sanction as well as whether it will restore the prejudiced party to the same position it would have been in absent the wrongdoing.  *Palmer v. Stassinos*, No. 04-03026, 2007 WL 2288119, at *3 (N.D. Cal. Aug. 7, 2007),

Here, neither counsel nor Plaintiff was substantially justified in failing to comply with the Court's Order.  At best, counsel has been woefully dilatory in his responsibilities as an officer of the court; his client has also failed to comply with his obligations as a party to this lawsuit.  The Court further concludes that imposition of the sanctions jointly and severally would not be otherwise unjust.  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1172 (9th Cir. 1994) (in determining whether the sanctions would be otherwise unjust the court looks to "the attorneys' behavior, rather than the client's actions").  The record is devoid of any explanation for Plaintiff's counsel's failure to diligently respond to Judge Henderson's Order or to address the issues presented by Defendants' Motion for Sanctions.

Accordingly, Defendants' request for monetary sanctions and an extension of the discovery deadline is granted.  Defendants' request that the medical records be produced by May 2, 2013 is moot given Plaintiff's May 10 production.

## CONCLUSION

For the reasons explained above, Defendants' motion for sanctions is GRANTED. The Court imposes monetary sanctions of $2,805.00 jointly and severally on Plaintiff Steven R. Varney, and on his attorney Frank Z. Leidman, Law Offices of Frank Z. Leidman. The fact discovery deadline for **Defendants only** is extended until July 25, 2013.

This Order disposes of Docket No. 43.

**IT IS SO ORDERED.**

Dated: May 24, 2013

                                           _Jacqueline S. Corley_
                                           JACQUELINE SCOTT CORLEY
                                           UNITED STATES MAGISTRATE JUDGE